**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LUCIA DUARTE-MOREIRA, | No. 11-71426 |
| Petitioner, | Agency No. A098-714-301 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Lucia Duarte-Moreira, a native and citizen of Nicaragua, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

In her asylum application Duarte-Moreira stated she and her family were harmed by Sandinistas over 20 years ago. Duarte-Moreira testified she came to the United States in 2005 for economic reasons only, and that she does not want to live with the father of her children if she returns to Nicaragua, but that she could return and live with her mother and children. Substantial evidence supports the agency's determination that she failed to meet her burden of proof to establish eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1); *see also Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) (setting forth requirements for establishing eligibility for asylum). Contrary to Duarte-Moreira's contentions, the record does not compel the contrary finding. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-83 (1992). Consequently, her asylum claim fails.

Because Duarte-Moreira failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Duarte-Moreira's CAT claim because she failed to demonstrate it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in Nicaragua. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**